STATE EX REL. DURHAM *v.* CRIMINAL COURT OF
MARION COUNTY, SALB, JUDGE.

[No. 29,937. Filed June 23, 1960.]

*George R. Brawley,* of Indianapolis, for petitioners.

*John M. Heeter,* of Indianapolis, for respondent.

PER CURIAM.—This is an original action for writ of
prohibition to enjoin respondent from proceeding fur-
ther with regard to the destruction as contraband of
certain personal property and evidence, to-wit: 78 bot-
tles of alcoholic beverages which had been seized in
connection with the case of *State of Indiana* v. *Jacque
Durham,* the same being Cause No. Cr. 20199Y in re-
spondent court. We issued the temporary writ.

It appears that said cause of *State of Indiana* v.
*Jacque Durham* was a prosecution against relator for a
violation of the Alcoholic Beverages Act and that said

cause on March 4, 1960, was dismissed on motion of the Prosecuting Attorney because of the death of a witness, and relator-defendant was thereupon discharged. It further appears that relator thereupon requested the possession of said items of evidence from respondent court, which items had been seized under authority of the Alcoholic Beverages Act, but such request was denied. Respondent then further entered an order that the above items of evidence seized under authority of said act be confiscated, held as contraband and destroyed.

The pertinent statute governing disposition of contraband goods in the case before us is Burns' §12-711 (1956 Replacement), which provides in part as follows:

> "*When* any conveyance of any kind, *any alcoholic beverages,* malt articles, vessels, utensils, apparatus, stills or fixtures *are seized under authority of this act, the proper court shall, upon conviction of the owner thereof,* after opportunity has been given to such owner for a hearing relative thereto, *order such* of the *articles* as the court shall determine to have been possessed, kept or used in violation of any of the provisions of this act, to be *sold* by the excise administrator, if such articles have a commercial value and may be purchased and used legally, *and if such articles have no commercial value or can not be purchased and used legally, said excise administrator or the sheriff shall be ordered to destroy the same.*
>
> "Upon conviction of any person found in charge or possession of any such conveyance or articles so seized, other than the owner thereof, or upon written petition of the excise administrator in case no person is found in charge of or in possession of any such conveyance or articles so seized, and after opportunity for hearing shall have been given by not less than ten [10] days' notice to the owner, if he be known, or if the owner be not known, then by notice of the seizure of said conveyance or articles,

with a description thereof, shall be given by publication one [1] time in a newspaper of general distribution, published in the county seat of the county of the court having jurisdiction, or if there be no newspaper published in said county seat, then in a newspaper having circulation in said county, not less than ten [10] days prior to the time fixed for the hearing, and, upon hearing, if the court find that any such article was possessed, kept or used in violation of any of the provisions of this act, with the knowledge of the owner, said court shall order sale or disposition thereof as above provided." Acts 1935, ch. 226, §39, p. 1056; 1937, ch. 197, §10, p. 931. (Emphasis supplied.)

Relator contends respondent court had no jurisdiction to enter the order of destruction of said property seized under the Alcoholic Beverages Act in the absence of his conviction which is a necessary requisite under the statute quoted above. We believe a reading of such statute compels such conclusion (no contention being made that relator was not in possession of said property when the same was seized), and as respondent has made no showing in its return to the writ of any jurisdiction or authority to issue the order for the destruction of the property, it is our view that the relator's contention must be upheld. See: Opn. of Attorney Gen. (1944), p. 461.

The temporary writ heretofore issued is now made permanent.

NOTE.—Reported in 168 N. E. 2d 68.